IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CLIFFORD S. YARBERRY**                                                                **PLAINTIFF**

**V.**                              **CASE NO. 4:17-CV-57-JLH-BD**

**TONYA PARKER,** *et al.*                                                               **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**   **Discussion**

A. Background

Clifford S. Yarberry, formerly an inmate at the Saline County Detention Facility ("Detention Facility"), filed this lawsuit complaining of inadequate medical treatment. (Docket entry #2) Mr. Yarberry originally named Tonya Parker, Briann Li Mandri, Linda McCraw, Turn Key, and an unknown nurse at the Detention Facility as Defendants.

The Court previously dismissed Mr. Yarberry's claims against Turn Key, as well

as the unknown Doe defendant. (#13, #21) The remaining Defendants have now moved for summary judgment on Mr. Yarberry's claims against them. (#33, #37) Although Mr. Yarberry has notified the Court of his change of address (#42), he has not responded to the Defendants' motions, and the time for doing so has passed. (#41) The motions are now ripe for decision.

    B.  Summary Judgment Standard

In a summary judgment, the Court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in a light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute about any fact important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).

    C.  Undisputed Factual Background

On December 18, 2016, Mr. Yarberry was booked into the Detention Center. (#40 at p.1) On December 23, he filed a grievance complaining about his need for medical attention for back pain. He also complained about his inability to utilize the Detention Center's kiosk system. (#38-1 at p.5)

Defendant Parker responded to Mr. Yarberry's grievance by explaining that he would need to have a deputy escort him to the front of the Detention Center to complete "voice recognition" to be able to use the kiosk system. (*Id.*) She also told Mr. Yarberry that he should file a sick-call request for any pain that he was experiencing. (*Id.*)

On December 26, Mr. Yarberry filed a medical-request form complaining of back pain as a result of three previous surgeries; he also stated that he needed pain medication.

(#38-2 at p.6) The following day, Defendant Li Mandri responded to Mr. Yarberry's request informing him that he had been scheduled for the next sick call, but that the appointment was cancelled, "due to staffing issues." (*Id.*)

On December 30, 2016, Mr. Yarberry submitted another medical-request form, again complaining of back pain. (#40 at p.3; #38-2 at p.8) Two days later, Defendant Li Mandri examined Mr. Yarberry and noted that he was "able to bend side to side," had a "normal gait," and was "able to bend posteriorly." (#40 at p.4; #38-2 at p.7) Defendant Li Mandri also noted that Mr. Yarberry was complaining of constant dull pain in his back and that he was "tender to touch" in his lower back. (*Id.*) Defendant Li Mandri approved 400 milligrams of Ibuprofen to be administered to Mr. Yarberry twice daily. (*Id.*) According to his medical records, Mr. Yarberry received Ibuprofen from January 1 through January 5. (#40 at p.16; #38-2 at p.5)

On January 4, Mr. Yarberry filed another medical-request form about his back pain and requested an evaluation by a doctor. (#40 at p.5; #38-2 at p.9) On the same day, Defendant McCraw examined Mr. Yarberry and contacted the provider, Patrick Stage, APN. (#40 at p.6; #38-2 at p.10) Nurse Stage issued an order for Mobic (an anti-inflammatory medication) to be provided to Mr. Yarberry twice daily. (*Id.*) Mr. Yarberry received Mobic from January 5 through February 7. (#40 at pp.15-16)

On January 9, Mr. Yarberry again filed a medical-request form complaining of pain and requesting to see the provider. (#40 at p.8; #38-2 at p.11) Defendant Li Mandri responded by reminding Mr. Yarberry that he had already been prescribed Mobic on January 5. (*Id.*)

On January 10, Mr. Yarberry filed another medical-request form complaining of back pain. (#40 at p.9; #38-2 at p.12) The next day, Defendant Li Mandri responded that Mr. Yarberry was scheduled to be seen at sick call the following week. (*Id.*) On the same day, Defendant Li Mandri examined Mr. Yarberry and noted "no abnormal findings." (*Id.*) She also noted that Mr. Yarberry was "able to bend and move." (*Id.*) At that visit, Mr. Yarberry requested that Defendant Li Mandri obtain his medical records from his primary care physician, and Defendant Li Mandri requested the records. (*Id.*)

On January 11, Mr. Yarberry filed a general request asking for a printout of his medical requests. (#38-1 at p.6) On January 17, Defendant Parker responded that Mr. Yarberry should request those records from medical staff. (*Id.*)

On January 19, Mr. Yarberry filed another medical-request form complaining about back pain and requesting both a prescription for a muscle relaxer and for an appointment with the provider. (#40 at p.10; #38-2 at p.13) On the same date, Defendant Li Mandri responded that Mr. Yarberry would be placed on the next available clinic date to be evaluated by the provider, which was February 14, 2017. (*Id.*)

On January 28, Mr. Yarberry again filed a medical-request form complaining of back pain and his need to see the provider. (#40 at p.11) The next day, Defendant Li Mandri responded that she would provide Mr. Yarberry an Arkansas Department of Correction ("ADC") health services form to request additional medical services once he was transferred to the ADC. (#40 at p.11) According to Defendant Li Mandri's notes, Mr. Yarberry did not return that form. (#40 at p.11)

4

On January 29, Mr. Yarberry filed another medical-request form inquiring as to why he had not been seen by the provider the previous week. (#40 at p.12; #38-2 at p.14) The following day, Defendant Li Mandri responded that Mr. Yarberry was scheduled for a February 14 appointment. (*Id.*)

On January 31, Mr. Yarberry filed a medical-request form asking for the prescription narcotics that had been prescribed by his primary care physician. (#40 at p.13; #38-2 at p.15) The next day, Defendant Li Mandri responded, informing Mr. Yarberry that Turn Key policy prohibited Detention Center staff from providing inmates narcotic pain medication. (*Id.*) Defendant Li Mandri further explained that this restriction had prompted her to provide Mr. Yarberry the ADC health services request form, so that he could be "fast-tracked" at the ADC. (*Id.*)

On February 6, Mr. Yarberry inquired about his transfer to an ADC unit. (#40 at p.14) Defendant Li Mandri responded the next day, explaining the process to Mr. Yarberry. (#40 at p.14)

On February 15, Mr. Yarberry was released to the ADC. (#38-1 at p.1) At the ADC, Mr. Yarberry was prescribed 500 mg of Robaxin (a muscle relaxer) daily. (#38-2 at p.16)

   D. Deliberate Indifference

      1. Individual Capacity

Deliberate indifference to a prisoner's serious medical needs is prohibited under the United States Constitution. *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prove deliberate indifference, Mr.

Yarberry must show that he suffered from an objectively serious medical need that the Defendants knew of, but deliberately disregarded. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). In this context, a "serious medical need" is a condition or illness that has been diagnosed by a doctor as requiring treatment, or a need so apparent that a lay person would easily recognize the need for a doctor's attention. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Here, there is no question that Mr. Yarberry suffered serious medical problems. The question is whether the Defendants had a sufficiently culpable state of mind.

The Defendants are liable only if they "actually knew of but deliberately disregarded" Mr. Yarberry's serious medical needs. *Id.* This showing requires a mental state "akin to criminal recklessness." *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Yarberry must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark.*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Stated another way, to prevail on this claim, Mr. Yarberry must show that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240–41 (8th Cir. 1997).

In his complaint, Mr. Yarberry complained that the Defendants failed to provide pain medication for his chronic back pain and failed to refer him to a medical provider who could treat his back pain during his stay at the Detention Center. Based on the undisputed evidence presented, however, no reasonable fact-finder would conclude that Defendant Parker, Li Mandri, or McGraw acted with deliberate indifference to Mr.

Yarberry's medical needs. To the contrary, Mr. Yarberry's records show that Defendant Li Mandri consistently and promptly responded to Mr. Yarberry's medical-request forms and attempted to assist him in receiving medication and treatment. Defendant Li Mandri even spoke to Mr. Yarberry about the option of a "fast track" to the ADC.

Furthermore, Mr. Yarberry has not presented any evidence that either Defendant Parker or Defendant McCraw was actively involved in his providing his medical care or in failing to provide any such care. Rather, Defendant Parker's limited involvement with Mr. Yarberry was advising him how the kiosk system worked at the Detention Center; how to use the sick-call process to address his back pain; and how to request copies of his medical records from the medical staff. This hardly proves that Defendant Parker acted with deliberate indifference to Mr. Yarberry's serious medical needs.

Likewise, based on the undisputed evidence presented, Defendant McCraw evaluated Mr. Yarberry on one occasion and contacted the medical provider to evaluate Mr. Yarberry. Again, such conduct falls exceedingly short of proving deliberate indifference.

Here, Mr. Yarberry has not come forward with any evidence to suggest that any of the Defendants were negligent in responding to his requests for medication or medical treatment, much less deliberately indifferent. Because the facts are not in dispute, the Defendants are entitled to judgment as a matter of law on Mr. Yarberry's claims against them.

    2. Official Capacity Claim – Defendant Parker

Finally, official-capacity claims against Defendant Parker are, in effect, claims

against Saline County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not automatically liable under § 1983 for injuries their employees inflict. Instead, counties can be held liable only when their employees violate a prisoner's rights while carrying out a county policy or custom.[1] *Id.*; *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).

Here, Mr. Yarberry does not allege that he suffered any injury as a result of a Saline County policy or custom. Official-capacity claims against Defendant Parker, therefore, fail as a matter of law.

### III. Conclusion

The Court recommends that the Defendants' motions for summary judgment (#33, #37) be GRANTED. Mr. Yarberry's claims should be DISMISSED, with prejudice.

DATED this 23rd day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.